## Wagner et ux., Appellants, *v.* Pennsylvania Railroad Co. et al.

*Negligence—Railroads—Death of passenger—Contributory negligence—Crowded train—Riding on step—Nonsuit.*

A nonsuit is properly entered in an action against a railroad company for the death of a passenger, where it appears that the deceased, a young man about seventeen years old, boarded a crowded car, and, although there was standing room inside, sat down on the second step from the bottom of the platform with his feet resting on the lower step and his knee protruding beyond the car line, causing it to come in contact with the side of a bridge, and resulting in his being hurled off and killed.

Argued January 9, 1920. Appeal, No. 99, Jan. T., 1920, by plaintiffs, from judgment of C. P. No. 1, Philadelphia Co., June T., 1918, No. 1841, refusing to take off nonsuit in the case of Frank and Wilhelmina Wagner v. Pennsylvania Railroad Company and Director General of Railroads. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Trespass to recover damages for death of plaintiffs' minor son. Before SHOEMAKER, J.

A nonsuit was granted at the conclusion of plaintiffs' testimony, which the court subsequently refused to take off. Plaintiffs appealed.

*Error assigned* was refusal to take off nonsuit.

*Elton J. Buckley,* for appellants.

*Francis B. Biddle,* with him *Sharswood Brinton,* for appellees.

PER CURIAM, February 2, 1920:

Carl Wagner, a minor son of the appellants, in the seventeenth year of his age, boarded a train of the Pennsylvania Railroad Company at Crum Lynne, this State, bound for Philadelphia. The car on which he rode was crowded, and he sat down on the second step from the bottom of the platform, with his feet resting on the lowest one. As the train entered a bridge—the clearance being but six and one-half inches—the protruding knee of the young man came in contact with the side of the bridge and he was hurled off and killed. In this action, brought by his parents, a nonsuit was entered on the ground of the deceased's contributory negligence. It appeared from the testimony of one of plaintiffs' witnesses that though the car in which their son was riding was crowded, there was standing room inside of it, for the witness testified that he got on the car after young Wagner was on it and was able to get inside of it. The unfortunate death of the young man was undoubtedly due to his rash imprudence. What was said in another case may be here repeated: "Of all the passengers on a long train of twenty over-crowded cars the plaintiff was the only one who appears to have been injured. If he had submitted, as many others did, to the inconvenience of standing inside the cars, or if he had been guilty of no greater imprudence than passing from car to car, while the train was in rapid motion, it is not at all probable he would have been injured. His much-to-be-regretted misfortune was the result of his own carelessness. This was clearly proved by uncontroverted testimony, from which no other conclusion could reasonably be drawn": Camden & Atlantic R. R. Co. v. Hoosey, 99 Pa. 492.

Judgment affirmed.